## JOHN KELLAR, *Treasurer*, vs. DANIEL SAVAGE & *als*.

A collector of taxes cannot be excused from the performance of his duty in collecting and paying over taxes committed to him, by reason of any illegality in the prior proceedings of the town, or of its officers, unless he was thereby prevented from performing his own duty safely.

A liberal and favorable construction should prevail to support the proceedings of towns; especially when no one is injured by it, or deprived of any right, and when the object is only to require one to perform a service which he has voluntarily undertaken.

*When there is no town clerk,* as well as when the clerk of the town cannot be present, towns have authority under *stat.* 1824, c. 260, to choose a clerk *pro tempore,* to record the proceedings of that meeting.

The provision of the *stat.* 1821, c. 114, requiring a record to be made of the persons sworn as town officers, is directory, and does not prevent the fact of their having been sworn from being otherwise proved, when there is no record thereof made.

A constable still in office may amend his return on a warrant for calling a town meeting, by stating the time and manner of calling it.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Debt on a bond, dated *May* 29, 1834, given by *Savage,* as principal, and by the other defendants as his sureties, to *John Dickinson,* Treasurer of the town of *East Machias,* or his successor in office, conditioned, that *Savage* having been chosen collector of taxes for that town for the year 1834, should collect and pay over all taxes committed to him, according to his warrants. The defendants by brief statement pleaded general performance, and that *Kellar* was not successor to *Dickinson* as treasurer.

The execution and delivery of the bond; the vote of the town to raise the taxes assessed; the assessment of them; the commitment of the tax lists with a warrant to *Savage;* that he had collected and paid over the principal portion thereof, and all but $213,23, which had been demanded of him; were proved by the plaintiff. It appeared by the records, that the annual town meeting at which the persons acting as assessors were chosen as such, and at which *Savage* was chosen collector, was holden *April* 3, 1834. The town was incorporated in 1826, and it was admitted, that the manner of summoning the inhabitants to assemble in town

meeting had never been prescribed, or agreed upon by the town. It was also admitted, that the meetings of the town since its incorporation had been uniformly called in the same manner that this had been. It was here objected by the defendants, that the meeting at which the tax was voted, and at which the officers were chosen, was not warned according to any mode agreed on by the town. To show that *Kellar* was the successor of *Dickinson* as treasurer, the records of the meeting of *April* 7, 1837, were produced by the plaintiff, on which it appeared, that *Kellar* was chosen treasurer; that *J. C. Talbot* was chosen clerk; and that *Talbot* being absent, *John F. Harris* was chosen clerk, *pro tem.* This record was attested by *Harris*, as clerk, *pro tem.* The defendants objected to the sufficiency of the record. 1. Because it was signed by *Harris*, as clerk *pro tem.* instead of by *Talbot*, the clerk. This objection was overruled. 2. Because it did not appear by the record, that *Harris* had been sworn as clerk. The plaintiff then offered the certificate of the magistrate who administered the oath to *Harris* to prove that he was sworn. As the certificate had not been recorded, it was rejected by the Judge. The plaintiff then offered to prove by the magistrate that *Harris* was sworn. The defendants objected, but he was admitted, and proved, that the oath had been administered. The defendants then objected, that this meeting was not legal, because the constable's return upon the warrant merely certified that he had warned the inhabitants to attend the meeting, and was without date, and did not specify in what manner the notice was given. On motion of the plaintiff, the defendants objecting, the constable being still in office, was permitted to amend his return, and it was done by him by affixing a date, " *March* 23, 1837," and by adding the words " by posting up copies of the warrant in two public places in the town." The clerk, *Talbot*, being still clerk, was allowed to amend the record by making it conform to the amended return of the constable. The defendants also objected, because the town had never agreed upon any mode of calling town meetings. The record was then read. Here the plaintiff stopped. The exceptions state, that " the defendants moved a nonsuit, which was ordered." Why the nonsuit was ordered, is not told. The plaintiff filed exceptions.

*J. A. Lowell*, for the plaintiff, contended, that the mere neglect of the town to fix upon the mode of calling the town meetings, could not prevent the town from holding them. The acquiescence of the town so long in the mode adopted to warn the inhabitants, was a determination of the mode. The defendants could not object that the meeting was improperly warned. *Ford* v. *Clough*, 8 *Greenl.* 343; *Bucksport* v. *Spofford*, 3 *Fairf.* 491. The defendant, after having acted as constable under a choice at that meeting, and having given a bond to pay over the money collected by him, cannot keep the money collected in his pocket, by setting up the illegality of the meeting, or of the assessment of the taxes. *Ford* v. *Clough*, before cited.

*Kellar* was legally chosen treasurer, and as such may maintain the suit.

The objection is first, that *Harris* was not sworn. The certificate of the magistrate was a proper mode of proof. *Abbott* v. *Hermon*, 7 *Greenl.* 118. And the one permitted by the Judge, the testimony of the magistrate, was proper. *Cottrell* v. *Myrick*, 3 *Fairf.* 234; *Bucksport* v. *Spofford*, *ib.* 487. The record of the warning was sufficient before the amendment. The plaintiff is not obliged to go behind the record to show the warning to have been legal. *Thayer* v. *Stearns*, 1 *Pick.* 109; *Hartwell* v. *Littleton*, 13 *Pick.* 229. But the amendments were rightfully made. *Howe's Pr.* 383; *Chamberlain* v. *Dover*, 13 *Maine Rep.* 466; *Avery* v. *Butters*, 9 *Greenl.* 16; *Welles* v. *Battelle*, 11 *Mass. R.* 477.

*R. K. Porter*, for the defendants, contended, that the meeting was shown not to have been called according to law, not having been called in the manner directed by a vote of the town. This is an admitted fact in the case, and therefore no presumptions can be allowed that the warning was legal. The taxes therefore were illegally assessed by persons without authority, and the collector is not obliged to collect the tax. The sureties are not liable on the bond, even if the money had been collected, which was not the fact. *Foxcroft* v. *Nevens*, 4 *Greenl.* 72.

The plaintiff is not the successor of *Dickinson* as treasurer, because there was no legal proof of his authority to act. The record can only be made by the town clerk. *Stat.* 1821, *c.* 114, §

1. The oath of the clerk, when sworn by a magistrate, can only be proved by a copy of the record, after the oath has been return-ed to the town clerk and recorded. There can be no such officer as town clerk *pro tem.* when there is no clerk in office. But if *Harris* was clerk, his record was wholly defective, and *Talbot* cannot legally amend the record of *Harris.*

The opinion of the Court was by

SHEPLEY J. — The annual meeting in 1834 was notified as all previous meetings had been since the incorporation of the town in 1826. In the case of *Ford* v. *Clough,* 8 *Greenl.* 343, the objec-tion, that the meeting was not notified in a mode agreed upon by the town, was considered, and it was decided to be no sufficient excuse for the omission of duty by a collector of taxes.

The collector in this case cannot be excused from the perform-ance of his duty by reason of any illegality in the prior proceed-ings of the town or of its officers, unless he was thereby prevented from performing it. And it does not appear, that he could not le-gally and safely do it.

It is objected, that the plaintiff cannot maintain the action, be-cause he was not legally chosen treasurer. A liberal and favorable construction has prevailed to support the proceedings of towns, and this may well be the rule, when no one is injured by it, or de-prived of any right; and when the object is only to require one to perform a service, which he has voluntarily assumed. Such a con-struction of the *stat. c.* 260, would authorize the choice of the clerk *pro tem.* The statute requiring a record to be made of the persons sworn into office, is directory, and it does not prevent the fact from being otherwise proved, when there is no such record.

There can be no legal objection to the amendment made by the constable while in office ; and by his return as amended, the meet-ing appears to have been notified in the usual manner. Any pay-ment made to the treasurer under such circumstances would be good. The town could not object, that he was not their agent for such purposes. The defendants can have no right to claim an ex-emption from the performance of their contract by alleging, that the proceedings of the town had been so defective, that others may by possibility have been injured, when they have neither suf-

fered injury, nor been prevented from performing their own duties safely.

*Exceptions sustained and a new trial granted.*